# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| **TYRAL TINSLEY,** | ) | |
| | ) | |
| **On behalf of himself and all others similarly situated,** | ) ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:14CV00026 ACL** |
| | ) | |
| **COVENANT CARE SERVICES, LLC, et al.,** | ) ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM AND ORDER</u>

This matter is before the Court on Plaintiff's Unopposed Motion for Conditional Certification Pursuant to 29 U.S.C. § 216(b). (Doc. 44.)

## I. Background

Plaintiff alleges that he and the putative class comprise a group of current and former employees who worked for Defendants, a care agency that provides services such as adult day care for disabled adults. Plaintiff represents a group of "full time Individualized Supported Living ("ISL") Aides," who provide care services to Defendants' clients.

The Second Amended Complaint alleges that Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 2010 *et seq*., by failing to pay them, and all other similarly situated employees, for all hours worked in a workweek, including straight time and overtime compensation. Plaintiff alleges that Defendants knowingly and willfully committed that violation through its policy of paying hourly employees on an hourly basis yet failing and refusing to pay overtime compensation for hours worked in excess of 40 in a workweek.

**II.    Motion to Conditionally Certify Class**

Under 29 U.S.C. § 216(b), an employee may bring an action under the FLSA on his own behalf as well as for those "similarly situated."   The FLSA does not define "similarly situated," and the Eighth Circuit has not addressed what standard should be applied to the phrase.   Huang v. Gateway Hotel Holdings, 248 F.R.D. 225, 227 (E.D. Mo. 2008).   District courts in this Circuit, however, have conducted a two-step analysis to determine whether employees are "similarly situated" in collective action cases.   Littlefield v. Dealer Warranty Servs., LLC, 679 F. Supp. 2d 1014, 1016-17 (E.D. Mo. 2010).   The first step is the "notice stage," in which plaintiffs seek early conditional class certification and notify potential class members of the case.   Id.   The second step is the "merits stage," which takes place after discovery and during which defendants may move to decertify the class.   Id. at 1017.   We are in the first stage of that analysis.

Plaintiff's burden at the "notice stage" is not onerous:   conditional certification "requires nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan."   Id.   Plaintiffs may satisfy this burden through affidavits, supported by admissible evidence.   Id.   Plaintiffs may not meet this burden through unsupported assertions of additional plaintiffs and widespread FLSA violations.   Id.   The Court does not need to determine whether class members are *actually* similarly situated until the "merits stage" of the litigation, when defendants typically move to decertify the class.   Id.

Defendants concede that Plaintiff has met the "notice state" burden and agree to conditional certification of Plaintiff's FLSA claims.   Defendants do not waive any argument related to possible decertification of the conditionally certified class, Rule 23 class certification, or any other argument in this action.

Plaintiffs comprise a group of current and former employees who worked for Defendants as ISL Aides. (Plaintiff's Ex. 1, Complaint.) Plaintiff has submitted the sworn statements of Plaintiff Tyral Tinsley and Belinda Miller, in which they state that they were paid by the hour and handled the client interaction on behalf of Defendants. (Plaintiff's Exs. 2, 3.) Plaintiff and Ms. Miller allege that they did not receive overtime compensation for all work performed in excess of 40 hours in a workweek, and that they were typically scheduled to work in excess of 40 hours per week. (Id.) Plaintiff and Ms. Miller further state that, based on conversations with other aides, the other employees did not receive overtime compensation for hours worked in excess of 40 hours. (Id.)

The Court finds that Plaintiff has sufficiently alleged that the putative class members were together the victims of a single decision, policy or plan. Thus, Plaintiff's Unopposed Motion for Conditional Certification Pursuant to 29 U.S.C. § 216(b) will be granted.

**III.    The Parties' Proposed Notice Plan**

"The FLSA requires that notice to potential plaintiffs be 'accurate and timely,' giving potential plaintiffs the chance to make informed decisions about whether to participate." Littlefield, 679 F. Supp.2d at 1018 (quoting Martinez v. Cargill Meat Solutions, No. 4:09CV3079, 2009 WL 5034479, at *8 (D.Neb. Dec. 11, 2009)). The Court must approve "both the content and method of disseminating notice to potential class members." Id. The Court should not alter the proposed notice unless changes are necessary. Id.

Here, the parties indicate that their proposed notice is heavily modeled on examples provided on the Federal Judicial Center's website. The parties state that their notice plan includes the following forms of dissemination: notice and consent forms will be mailed first-class to all employees who were subject to the policy described above. The parties have also submitted an

Agreed Order for Opt-In Procedure and Notice for the Conditionally Certified Class.   (Plaintiff's

Ex. 10.)

The Court approves the parties' proposed notice plan.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Unopposed Motion for Conditional

Certification Pursuant to 29 U.S.C. § 216(b) (Doc. 44) is **granted**.

The parties' Agreed Order for Opt-In Procedure and Notice for the Conditionally Certified

Class shall be entered separately on this date.


Dated this 27th day of March, 2015

_____
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE